# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM ELSAYED<br>4320 Circle Drive<br>Easton, PA. 18045<br><br>On behalf of himself and all other similarly situated employees,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BUILD-A-BEAR WORKSHOP, INC.,<br>1954 Innerbelt Business Center Drive<br>St. Louis, MO. 63114<br><br>　　　　　　　　　Defendant. | CIVIL ACTION<br><br>Case No.<br><br><br>COLLECTIVE ACTION<br><br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, ADAM ELSAYED ("Plaintiff"), files this Complaint against Defendant, BUILD-A-BEAR WORKSHOP, INC. ("Defendant"), seeking all relief available under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") on his own behalf and on behalf of all similarly situated Store Managers ("SMs"), however variously titled. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff brings this action under the FLSA for recovery of overtime wages pursuant to the FLSA. Defendant's systematic failure and refusal to pay Plaintiff and all other similarly situated SMs for the hours worked over 40 in a workweek violates the FLSA. Plaintiff alleges on behalf of himself and similarly situated SMs that they are entitled to: (i) unpaid wages

for hours worked above 40 in a workweek, as required by law, earned at any time from August 10, 2014, through present; (ii) liquidated damages; (iii) prejudgment interest; and (iv) attorney's fees and litigation expenses, pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.

2. Plaintiff brings the First Cause of Action on behalf of himself and all similarly situated persons who work or have worked for Defendant as SMs at any Build-A-Bear store location in the United States, on or after August 10, 2014, who elect to opt-in to this action (the "FLSA Collective").

3. Plaintiff also brings the Second Cause of Action on behalf of himself and all similarly situated persons who participated in Defendant's SM training program ("SMs in Training") at any Build-A-Bear store location in the United States, on or after August 10, 2014, who elect to opt-in to this action (the "FLSA Training Collective").

## THE PARTIES

*Plaintiff*

4. ADAM ELSAYED ("Elsayed") resides in Easton, Pennsylvania. From approximately November 2015 until approximately September 2016, he was employed by Defendant as a SM at one if its store locations in King of Prussia, Pennsylvania (Montgomery County).

5. Elsayed's written consent to join this action is attached to this Complaint as Exhibit A.

*Defendant*

6. Defendant is a Delaware corporation with its principal place of business in St. Louis, Missouri.

7. Defendant operates retail stores selling teddy bears and other stuffed animals,

which are built by an interactive process through which customers assemble and customize the stuffed animal of their choice.

8. According to its most recent 10-K filed with the Securities and Exchange Commission, as of December 31, 2016, Defendant operated over 200 stores in the United States. *See* Build-A-Bear Workshop, Inc. Form 10-K at 2.

9. At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and other SMs, including timekeeping, payroll and other employment practices that applied to them.

10. Defendant applies the same employment policies, practices, and procedures to all SMs nationwide.

11. Defendant employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

12. Defendant is an employer covered by the FLSA.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

14. Plaintiff's claims involve matters of national or interstate interest.

15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16. Defendant is subject to personal jurisdiction in Pennsylvania.

17. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this Complaint occurred within this District.

## FACTUAL ALLEGATIONS

18. Plaintiff was hired by Defendant as an SM in approximately November 2015.

19. Like the other members of the FLSA Training Collective, when Plaintiff was initially hired as an SM, he was required to undergo approximately 2 weeks of SM training. Plaintiff completed his SM training at the Build-A-Bear store location in Whitehall, Pennsylvania.

20. During SM training, the primary duty of Plaintiff and the other members of the FLSA Training Collective was to learn all aspects of the store operations, including reviewing and completing training modules.

21. Once Plaintiff's training concluded, he was assigned to work at the Build-A-Bear store location in King of Prussia, Pennsylvania under the title SM.

22. Both during training, and continuing through the end of his employment as a SM, Plaintiff, like other members of the FLSA Collective, regularly worked in excess of 40 hours per week.

23. Defendant was aware that Plaintiff and the members of the FLSA Training Collective and the FLSA Collective worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

24. Instead, Defendant paid Plaintiff and the members of the FLSA Training Collective and the FLSA Collective their weekly salaries, with no additional compensation for overtime hours worked.

25. In addition, Defendant failed to keep accurate records of the hours that Plaintiff and the members of the FLSA Training Collective and the FLSA Collective worked.

26. The primary duties of Plaintiff and other SMs were non-exempt in nature. They performed the same duties as the hourly employees who were entitled to overtime, such as making stuffed animals, performing customer service, merchandising, receiving and stocking products, and cleaning the store.

27. Plaintiff and other SMs were closely supervised by their District Managers ("DMs"), and through common corporate policies and procedures that defined and circumscribed their work. Among other things, DMs – not Plaintiff and other SMs – were responsible for the overall performance of the stores, and for coaching, evaluating and disciplining store employees.

28. During the relevant time period, Defendant uniformly classified SMs as exempt from federal and state overtime pay requirements, including during and after the SMs' training period.

29. Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

30. Defendant was aware, or should have been aware, that the FLSA required it to pay Plaintiff and other SMs overtime compensation for hours worked in excess of 40 per week.

31. Defendant was aware, or should have been aware, that Plaintiff's and other SMs' primary duties were making stuffed animals, performing customer service, merchandising, receiving and stocking products, and cleaning the store. Defendant was also aware that these duties do not fall within any overtime exemption under the FLSA.

32. Defendant's failure to pay Plaintiff and other SMs' overtime was willful. Defendant's unlawful conduct has been widespread, repeated, and consistent.

33. All of the work that Plaintiff and other SMs have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and other SMs have performed.

34. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and other SMs. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay Plaintiff and the members of the FLSA Collective and/or the FLSA Training Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

   b. willfully misclassifying Plaintiff and the members of the FLSA Collective and/or the FLSA Training Collective as exempt from the protections of the FLSA; and

   c. willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective and/or the FLSA Training Collective, have worked for the benefit of Defendant.

35. Plaintiff performed the same primary duties as the FLSA Collective and the FLSA Training Collective.

36. Defendant's unlawful conduct has been widespread, repeated, and consistent.

37. Thus, notice should be sent to the FLSA Collective and the FLSA Training Collective pursuant to 29 U.S.C. § 216(b).

38. The members of the FLSA Collective and the FLSA Training Collective are known to Defendant, are readily identifiable, and can be located through Defendant's records.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(On behalf of Plaintiff and the FLSA Collective)**

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. Defendant has engaged in a widespread pattern and practice of violating the

FLSA, as described in this Collective Action Complaint.

41. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

42. At all relevant times, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

43. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

44. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Plaintiff and the members of the FLSA Collective are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

46. Defendant failed to pay Plaintiff and the members of the FLSA Collective the overtime wages to which they were entitled under the FLSA.

47. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the members of the FLSA Collective.

48. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this First Cause of Action, pursuant to 29 U.S.C. § 255.

49. As a result of Defendant's willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

50. As a result of the unlawful acts of Defendant, Plaintiff and the members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(On behalf of Plaintiff and the FLSA Training Collective)**

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendant requires Plaintiff and the members of the FLSA Training Collective to participate in two weeks of SM training.

53. During SM training, the primary duties of Plaintiff and the members of the FLSA Training Collective was, and is, to learn all aspects of the store operations, including reviewing and completing training modules.

54. During their SM training period, Defendant failed to pay Plaintiff and the members of the FLSA Training Collective the overtime wages to which they were entitled under the FLSA.

55. Defendant has engaged in a widespread pattern and practice of violating the FLSA during the SMs' training period, as described in this Collective Action Complaint.

56. Defendant's violations of the FLSA during the SMs' training period, as described in this Collective Action Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the FLSA Training Collective.

57. Because Defendant's violations of the FLSA with respect to FLSA Training Collective have been willful, a three-year statute of limitations applies to this Second Cause of Action, pursuant to 29 U.S.C. § 255.

58. As a result of Defendant's willful violations of the FLSA, Plaintiff and the members of the FLSA Training Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

59. As a result of the unlawful acts of Defendant, Plaintiff and the members of the FLSA Training Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

   a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

   b. Designation of this action as an FLSA collective action on behalf of Plaintiff and the FLSA Training Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Training

    Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA;

e. An award of liquidated damages under the FLSA as a result of Defendant's willful failure to pay overtime compensation for all hours worked in excess of 40 in a workweek;

f. An award of damages representing Defendant's employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g. An award of prejudgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of service payments to the Plaintiff; and

i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Collective Action Complaint.

Date:  August 10, 2017
       Philadelphia, Pennsylvania

Respectfully Submitted,

_____
Jason Conway (PA I.D. No. 317113)
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Facsimile: (215) 278-4807
E-mail: jconway@conwaylegalpa.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
Camar R. Jones*
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
         cjones@shavitzlaw.com

*Attorneys for Plaintiff and the Putative Collective Members*

\* To apply for admission *pro hac vice*

# EXHIBIT A

**CONSENT TO JOIN FORM**

1. I consent to be a party plaintiff in a lawsuit against Defendant(s) **Build a Bear**, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*Adam Elsayed*
Signature

Adam Elsayed
Print Name